IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>ROYCE NEWCOMB,<br><br>　　　　Debtor/Defendant.<br><hr>BANK OF AMERICA, NA,<br><br>　　　　Garnishee. | Case No. 2:20-MC-00298-MCE-KJN<br><br>**FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF CONTINUING GARNISHMENT** |

　　　　Before the court is the United States' request for issuance of a final order of garnishment against certain property of defendant Royce Newcomb, under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205(c)(7).1  (ECF No. 12.)  The government seeks to garnish defendant's non-exempt property and accounts maintained by Bank of America ("Garnishee") in an effort to collect on the approximately $1.8 million defendant owes under his 2011 federal criminal judgment in this court.  (ECF No. 12 at 1.)

　　　　As explained below, the undersigned recommends granting the request.

//////////////////////

//////////////////////

1

**Background**

On September 29, 2011, defendant was sentenced in criminal case number 2:11-CR-00172-MCE, and ordered to pay statutory assessment of $100.00 and restitution of $1,979,030.00. See 2:11-CR-00172- MCE.

In an attempt to collect the balance of these criminal monetary penalties, the government filed an application for a writ of garnishment against any property in the Garnishee's possession in which defendant has an interest. (ECF No. 1.) The Clerk of Court issued the writ of garnishment on December 18, 2022. (ECF No. 3.) The government served the writ and its attachments on Garnishee (ECF No. 4) and also served defendant with copies. (ECF No. 9.) The documents served on defendant advised him, among other things, of his rights to claim exemptions to garnishment and request a hearing on such claims, request a hearing to quash the writ, and/or object to the Garnishee's answer and request a hearing thereon. (Id.)

On January 13, 2021, Garnishee filed an Acknowledgment of Service and Answer, identifying four bank accounts in which defendant maintains an interest—with an approximate value of $358.00 as of December 30, 2022. (ECF No. 11.) Garnishee served its answer on defendant and the government. (Id. at 4.)

Defendant filed no objections, nor did he file a claim of exemption or request for hearing. The government now seeks a final order of garnishment directing the Garnishee to liquidate and pay to the Clerk of Court all funds held by Garnishee in which defendant has an interest. (ECF No. 12.)

The Court, having reviewed its files and the United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment (ECF No. 12), and good cause appearing, hereby recommends a Final Order of Continuing Garnishment be granted.

Accordingly, IT IS RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment be GRANTED;

2. Garnishee Bank of America, NA, be directed to pay the Clerk of the United States District Court all funds held by Garnishee in which Debtor has an interest within fifteen (15) days of the

filing of the Final Order.  Payment shall be made in the form of a check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

>  Office of the Clerk
>  501 I St., Rm. 4-200
>  Sacramento, CA 95814

The criminal docket number (2:11-CR-00172-MCE) shall be stated on the payment instrument;

    3.    The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

    4.    The garnishment shall terminate when the payment is deposited with the Clerk of the Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days, after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 19, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rs,newc.0298